JOHN HILL *v.* ANDREW MATTA, Executor.

.In an action for the liquidation of the affairs of a partnership, when one partner, the plaintiff, sets
up a claim under express contract for compensation for extra services or labor, testimony is inad-
missible to prove the value of the services of the other partner under a claim by reconvention on
a *quantum valebant.*

No partner is entitled, unless under a special agreement, to any compensation, commission or reward
for his services while employed in the partnership business.

APPEAL from the District Court of East Baton Rouge, *Robertson,* J.

*T. G. Morgan,* for plaintiff and appellent.   *J. M. Elam,* for defendant.

MERRICK, C. J.   This suit is brought for the purpose of liquidating the affairs
of a partnership in an iron foundry at Baton Rouge between the plaintiff and
the deceased *Stephen Henderson.*

The controversy grows out of a claim of the plaintiff to one hundred dollars
per month, exclusive of his share of the net profits, as an extra compensation
agreed upon by the parties.   The claim amounts to $4806 56.

The contract of partnership was by parol.

The defendant in his answer admits the partnership, but denies that it con-
tained a stipulation that *Hill* should receive for his services $100 per month, or
any other sum.   The defendant, by way of reconvention, alleges that the ser-
vices of *Henderson* were well worth eighty dollars per month, amounting with
interest to $4022 82, for which he prays judgment.

The suit was cumulated with the mortuary proceedings of *Henderson's* suc-
cession.   The plaintiff's demand was rejected, and he has appealed.

Our attention is first called to the bill of exception taken on the trial by the
plaintiff.   He offered to prove, by a witness on the stand, that at or about the
time the copartnership between him and the deceased was entered into, he (the
plaintiff,) told the witness that, by the terms of the agreement, he was to re-
ceive one hundred dollars per month in addition to an equal share in the profits.
This declaration, it is contended, forms a part of the *res gestæ,* and was, there-
fore, admissible.   It does not appear that *Henderson* was present when the
declaration was was made, and it was properly excluded by the District Judge.

It also appears by bill of exception that the defendant offered *John R. Du-
frocq* and others as witnesses to prove the value of the services of *Stephen Hen-
derson,* as set forth in the answer and the account annexed to the petition and
opposition, which testimony of the witnesses the plaintiff objected to, on the
ground that "one partner cannot claim for services unless the same was pro-
vided for by the contract or agreement of co-partnership."   The Judge over-
ruled the objection, and admitted the testimony, adding that "the proof of the
personal services of *Henderson* was allowed in equity, as offsetting or rebutting
the services of *Hill,* the other partner."

The testimony was improperly received.   The right of the plaintiff to recover
depends on his proof of the contract which he has alleged.   The defendant
claims for services in the answer on a *quantum valebant,* and not on an express
contract.

The law on this subject is well laid down by Judge Story in his work on
partnerships, in section 185.   He says: "On the other hand (as we have seen)
no partner is entitled, unless under some special agreement, to any compensa-

tion, commission or reward for his skill, labor or services while employed in the partnership business. The nature of the contract implying that each partner shall gratuitously give and exert all his skill, labor and services, so far as they may be properly required, for the due accomplishment and success of the partnership operation. If any allowance is intended to be made for extra services or labor, it is a fit matter to be adjusted in the articles under which the partnership is formed.

The testimony, therefore, of these witnesses was inadmissible under the pleadings to offset the plaintiff's demand, and ought not to have been received for that purpose.

The plaintiff relies upon the testimony of a single witness and corroborating circumstances as his means of recovery. The testimony of *Dufrocq* and others would be admissible for the purpose of rebutting and weakening the force of the corroborating circumstances relied upon by the plaintiff. What will amount to sufficient corroborating circumstances must depend upon the facts of each individual case, and these are submitted to the sound discretion of the Judge.

As we do not know whether the Judge may not have compensated the services of *Hill* by those of *Henderson*, or whether, from his knowledge of the witness, he considered his testimony not sufficiently corroborated, we think that justice requires that this case shall be remanded for a new trial.

We take occasion, however, to remark, that it is singular that the partnership books, which are likely to be decisive of this controversy, have not been produced.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this cause be remanded to the lower court for a new trial, with instructions not to receive the testimony of *John R. Dufrocq* and other witnesses to prove the value of the services of *Stephen Henderson* as a reconventional demand, or as a set-off to the plaintiff's demand, and in other respects to proceed according to law; the said executor and appellee paying the costs of the appeal.